# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 0881 | **DATE** | September 2, 2009 |
| **CASE TITLE** | Louis Fancher (# 2008-0070298) v. McInerney, et al. | | |

**DOCKET ENTRY TEXT**

Defendant's uncontested motion to dismiss [24] is granted. Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. This case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[For further details see text below.]　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　Plaintiff, Louis Fancher, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the Defendants, Chicago Police Officers, falsely arrested him in September 2008. Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. Although given the opportunity, *see* briefing schedule entered July 23, 2009, Plaintiff has not filed a response to Defendant's motion to dismiss.

　　In ruling on a motion to dismiss, the Court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.,* 361 F.3d 998, 1001 (7th Cir. 2004). *Pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

　　Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in *Bell Atlantic*)). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.* 496 F.3d 773, 779 (7th Cir. 2007). The district court may take judicial notice of matters of public record without converting a motion to dismiss to a motion for summary judgment. *See Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000); *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

　　Plaintiff alleges that on September 26, 2008, Defendants falsely arrested him for possession of a controlled substance, without probable cause. The arrest resulted in Plaintiff being falsely imprisoned and subject to malicious prosecution. On July 2, 2009, Plaintiff pled guilty and was found guilty of the charge of possession of a controlled substance. That conviction still stands. *See* certified copy of the Cook County Circuit Court disposition for *People v. Fancher*, Case No. 08CR1956901. The factual basis of Plaintiff's guilty plea included Defendant Police Officer McInerney's stipulated testimony that he observed Plaintiff

**STATEMENT**

throw a white clear plastic bag to a patio floor, the substance of which later tested to be cocaine

Defendant argues that Plaintiff's guilty plea established probable cause for his arrest; thus, he cannot state a claim for false arrest and/or false imprisonment (Plaintiff's malicious prosecution claim was dismissed at initial review).

The existence of probable cause is an absolute bar to a Section 1983 claim for false arrest and false imprisonment. *See Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). For purposes of a subsequent civil proceeding, a criminal conviction based upon a guilty plea conclusively establishes that the defendant engaged in the criminal act for which he was convicted. *See Appley v. West*, 832 F.2d 1021, 1026 (7th Cir. 1987). Furthermore, a criminal conviction based upon a guilty plea is conclusive as to the underlying facts of the guilty plea. *See Appley*, 832 F.2d at 1026; *Currier v. Baldridge*, 914 F.3d 993, 996 (7th Cir. 1990) (when the conviction supports the arrest, "a plaintiff's previous conviction collaterally estops the plaintiff from reasserting a lack of probable cause"); *see also Lang v. City of Round Lake*, 87 F. Supp. 2d 836, 843 (N.D. Ill. 2000) (Kennelly, J.) quoting *Patterson v. Leyden*, 947 F. Supp. 1211 (N.D. Ill. 1996) ("When, as in *Currier*, the conviction is premised entirely on the testimony of the arresting officer concerning his observation, "proof of the crime is *ipso facto* proof of probable cause.").

Here, Plaintiff's claims of false arrest and false imprisonment stem from his arrest for possession of a controlled substance. Subsequently, Plaintiff pled guilty to the charge of possession of a controlled substance. During the guilty plea, Plaintiff stipulated to the evidence of the eyewitness-arresting police officer that established probable cause to arrest Plaintiff. Thus, Plaintiff's false arrest and false imprisonment claims fail. *See Robinson v. Lother*, No. 04 C 2382, 2006 WL 418664, * 5 (N. D. Ill. Feb. 15, 2006) (Andersen, J.); *Shkrobut v. City of Chicago*, No. 04 C 8051, 2005 WL 2787277, * 3 (N.D. Ill. Oct. 24, 2005) (Andersen, J.) (collectively, dismissing plaintiff's false arrest/imprisonment claims based on plaintiff's conviction of criminal charge that demonstrated probable cause).

For the foregoing reasons, Defendants' motion to dismiss is granted. Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. This case is terminated.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $450 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."